UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LYNN DOWNING,

        Plaintiff,

v.                                     Case No. 11-10884
                                         Honorable Julian Abele Cook, Jr.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## ORDER

This case involves a complaint by the Plaintiff, Jeffrey Lynn Downing, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56.

The magistrate judge to whom the parties' motions for summary judgment were referred for an evaluation submitted a report on November 3, 2011, in which he recommended that the Court (1) deny Downing's motion for summary judgment, and (2) grant the Commissioner's motion for summary judgment. Downing has timely filed his objections to this report.

For the reasons that have been set forth below, this Court will deny both motions and remand this matter to the Commissioner for further proceedings that are consistent with the conclusions herein.

I.

1

On July 28, 2006, Downing filed an application for disability insurance benefits, claiming to have sustained a disability that rendered him unable to work as of September 15, 2005. In his application, Downing alleged that he suffers from a variety of medical and mental conditions (to wit, severe pain and herniated discs in his back, a floating rib, anxiety, hypertension, prostate problems, kidney stones, and severely painful irritable bowel syndrome). Several of these problems were attributed to an accident in late 2003, when Downing fell approximately twenty-five feet from a tree and landed on his feet. As of the date of the alleged onset of his disability, he was forty-three years old, had obtained a graduate equivalency diploma, and had completed a four-year apprenticeship in mechanical insulating. Downing has over twenty years of past relevant work experience as a journeyman mechanic and asbestos supervisor in the construction industry.

When his initial application for Social Security benefits was rejected, he sought and ultimately obtained a *de novo* hearing before an administrative law judge who, in a decision on March 31, 2009, determined that Downing was not a disabled person within the meaning of the Social Security Act. The administrative law judge concluded that, although Downing suffered from several severe impairments (to wit, degenerative disc disease of the thoracic and lumbar spines status post fusion, status post left shoulder arthroscopic subacromial decompression, and osteoarthritis status post left knee arthroscopy with debridement)[1], he did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." It was also the conclusion of this administrative law judge that Downing possessed the residual functional capacity to perform sedentary work subject to the additional restrictions that he may (1) lift up to ten pounds

---

[1] The administrative law judge also concluded that several other impairments - namely, hypertension, nephroliths, plantar fasciitis, depression, and anxiety - resulted in only minimal limitations on his ability to work, and therefore are not severe under the applicable regulations. Downing has not contested this determination.

only occasionally, and up to five pounds frequently; (2) stand for no more than two hours and sit for a maximum of six hours during an eight-hour workday; (3) walk for no more than 100 yards at a time; (4) only occasionally climb stairs, balance, stoop, kneel, crouch, crawl, or reach overhead bilaterally; and (5) refrain from climbing ladders. The administrative law judge also opined that these limitations precluded Downing from performing any of his past relevant work. However, the administrative law judge, after considering the testimony of a vocational expert, also determined that, given these restrictions as well as such other factors as age, education, and work experience, Downing is able to perform a significant number of jobs that are available in the national economy. Thus, it was the conclusion of the administrative law judge that Downing was not suffering from a compensable disability, as defined by the Social Security Act. This decision became the final decision of the Commissioner on January 3, 2011, when the Appeals Council denied Downing's request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence, and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is

limited in scope to an examination of the record only. It is important to note that the reviewing court "does not review the evidence *de novo*, make credibility determinations [or] weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In his appeal to this Court, Downing submits that the decision by the Commissioner was legally wrong because the administrative law judge erroneously determined his residual functional capacity when he (1) discounted his credibility and (2) rejected the opinions of his long-term treating physician regarding his pain and disability.

A finding on credibility must be (1) based upon the entire case record, and (2) "sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p; *see also* 20 C.F.R. § 404.1529(c)(3) (listing factors to be considered in making credibility determination); *id.* § 416.929(c)(3) (same). Moreover, "[s]ince the [administrative law judge] has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (citation and internal quotation marks omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In evaluating Downing's credibility, the administrative law judge concluded that his "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual capacity assessment . . . ." (Tr. 29). As required by SSR 96-7p, the administrative law judge outlined several

specific reasons for discounting Downing's testimony; to wit, (1) he returned to work after his back injury and subsequent surgery; (2) he returned to hunting - and chose to delay the surgical treatment of his back injury in order to do so - after the alleged onset date; (3) his reported activities of daily living were inconsistent with his testimony; (4) his work history in the years immediately following the accident - he continued to work full time for almost two years - demonstrated that the initial injury was not, in and of itself, disabling; and (5) the medical evidence in the record was inconsistent with his claims of total disability.

Downing argues that the administrative law judge erred in relying on his determination that he had returned to work after the alleged onset date of his disability. Downing has demonstrated - and the Commissioner has conceded - that this determination was factually incorrect. Downing acknowledges having received more than nine thousand dollars in November 2006, but these monies did not represent wages from work. Rather, these funds represented a payment of back benefits that were due and owing to him as the result of his successful union disability claim. However, the magistrate judge opined that this error was harmless, insofar as the administrative law judge nevertheless found, in Step 1 of the five-step sequential evaluation process, that Downing had not engaged in "substantial gainful activity" subsequent to the alleged onset date. In challenging this portion of the magistrate judge's report, Downing submits that this error was significant for its impact on the credibility determination as a part of the residual functional capacity analysis rather than on the substantial gainful activity determination in Step 1 of the disability analysis.[2] The Court agrees.

---

[2] If the administrative law judge had relied upon this error to find that Downing had engaged in a substantial gainful activity, and thus denied his claim at Step 3, this determination would have also been in error. However, inasmuch as the administrative law judge did not do so, the magistrate judge was correct when he concluded that this error was harmless with respect to the Step 3 determination.

The administrative law judge expressly stated that Downing's "credibility with regard to his back pain is negated by the fact that he returned to work after his back injury and subsequent surgery." (Tr. 30). In addressing this issue, the Commissioner argues that, notwithstanding this inaccurate statement, there remains substantial evidence which supports the finding that Downing lacked credibility. However, it is hard to imagine that the administrative law judge's determination that Downing's credibility was "negated" did not color the remainder of his impressions of the testimony and evidence. This Court cannot say that - absent this error - the administrative law judge would have reached the same conclusion.

This impression is felt most acutely with respect to the administrative law judge's treatment of evidence that Downing engaged in hunting activities subsequent to the alleged disability onset date. Downing testified that he had gone hunting "a couple times," but that he had to be driven directly to the site and, once there, could only stay for at most of a couple of hours and would need an additional three days thereafter to recover. It is at least possible, if not probable, that the administrative law judge would have seen Downing's attempts to engage in an activity (i.e., hunting) that he quite obviously loved[3] in a different light if he had been unaffected by his erroneous factual finding. Indeed, the extremely restricted capacity in which he was able to participate in this activity may have otherwise been treated as bolstering Downing's credibility.

The same concern surfaces with respect to the administrative law judge's treatment of Downing's reported activities of daily life. Downing stated that he could take his medications, prepare simple meals (soup or a sandwich), take short walks in his yard, bathe, pick up dirty clothes or dishes around the house, and occasionally go shopping. He also stated that he is not able to do

---

[3]Downing reported that he used to hunt on an almost daily basis during hunting season. (Tr. 156). It should also be noted that his son was given the name of Hunter. (Tr. 110).

6

yard work, vacuum, or stand at the sink to wash dishes. The administrative law judge's assessment of these abilities and inabilities may have also been quite different if he had not already determined that Downing's credibility had been "negated." Likewise with his treatment of the fact that Downing continued to work for nearly two years after the accident occurred - a fact that, when viewed with a different predisposition, may be seen to support Downing's claim that he worked until the continually worsening pain would no longer permit. Finally, the administrative law judge declined to give significant weight to the opinion of Downing's treating physician, in part because it was based largely on Downing's subjective complaints of pain. This assessment, too, may have been clouded by the administrative law judge's prior incorrect determination. In light of the fact that every factor in the credibility determination may have been affected by this error, the Court cannot say that the administrative law judge's adverse determination was supported by substantial evidence.

Downing requests that the Court reverse the Commissioner's decision and enter an order awarding him benefits. However, this course is appropriate "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. . . . [and] where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Here, quite the opposite is true. The Court cannot say with certainty what effect, if any, a proper understanding of the source of the $9000 would have had on the administrative law judge's credibility determination. Therefore, this matter must be remanded so that the administrative law judge may (1) reevaluate Downing's residual functional capacity in light of a new assessment - unmarred by the prior factual error - of his credibility and (2) conduct a new Step 4 and Step 5 analysis if warranted.

IV.

For the reasons that have been outlined above, the Court (1) denies both motions for summary judgment, and (2) remands the case to the administrative law judge pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

Date: March 30, 2012                                          s/Julian Abele Cook, Jr.
                                                                              JULIAN ABELE COOK, JR.
                                                                              U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 30, 2012.

                                                                                                 s/ Kay Doaks
                                                                                                 Case Manager